NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000426
23-MAY-2014
09:40 AM**

NO. CAAP-13-0000426

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE ESTATE OF THOMAS H. GENTRY, also known as
THOMAS HENRY GENTRY, Deceased.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 98-0077)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Respondent-Appellant Kiana E. Gentry (**Kiana**) appeals from (1) the March 25, 2013 "Final Judgment re: Order Granting Personal Representative's Petition for Approval of Final Accounts and Distribution and Complete Settlement of Estate, as Amended and Supplemented," (**Final Judgment**) and (2) the March 25, 2013 "Order Granting Personal Representative's Petition for Approval of Final Accounts and Distribution and Complete Settlement of Estate, as Amended and Supplemented," (**Order Granting Petition**) both entered in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Kiana contends the circuit court erred by:

(1) approving Petitioner/Personal Representative-Appellee Mark L. Vorsatz's (**Vorsatz**) April 1, 2010 Petition for

---

[1] The Honorable Derrick H.M. Chan presided.

Approval of Final Accounts and Distribution and Complete Settlement of the Estate (**Petition**) and the November 23, 2010 Amendment to the Petition (**Amended Petition**) because the final accounting for calendar years 1998 through 2009 appended to the Petition (**Estate accounting**) included an annual reclassification of income received by the Estate of Thomas H. Gentry (**Estate**) to be "rolled over" into principal; and

(2) approving Estate accounting that incorrectly identified income from the four business entity interests contained in the Estate (**Gentry Companies**) as principal by classifying the income as "equity pickups."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Kiana's appeal lacks merit.

A court of equity's approval of an accounting is reviewed under the abuse of discretion standard:

> The relief granted by a court [in] equity is discretionary and will not be overturned on review unless the [circuit] court abused its discretion by issuing a decision that clearly exceeds the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of the appellant.

Aickin v. Ocean View Investments Co., Inc., 84 Hawai'i 447, 453, 935 P.2d 992, 998 (1997) (quoting AIG Hawai'i Ins. Co., Inc. v. Bateman, 82 Hawai'i 453, 457, 923 P.2d 395, 398 (1996)).

Kiana contends (1) $615,983 was improperly rolled over from net income to the Estate into net credits to principal during the years 1998-2007, and (2) approximately $6,413,324 in income was categorized as "equity pickup" earnings and improperly allocated to principal during the years 2001-2007.

The Uniform Principal and Income Act, Hawaii Revised Statutes (**HRS**) Chapter 557A defines income interest as "an income beneficiary's right to receive all or part of the net income, whether the terms of the trust require it to be distributed or authorize it to be distributed in the trustee's discretion." HRS

§ 557A-102 (2006 Repl.). Net income is defined as the "total receipts allocated to income during an accounting period minus the disbursement made from income during that period." HRS § 557A-102. "[M]oney received by a trustee from an entity shall be allocated to income[,]" HRS § 557A-401(b) (2006 Repl.), except it shall be allocated to principal in situations that the parties do not indicate apply here. See HRS § 557A-401(c)(1)-(4).[2]

Kiana contends Vorsatz admitted that $615,983 was improperly rolled over in his counsel's January 10, 2011 letter, which indicated Vorsatz's agreement that "approximately $600,000 of Estate receipts that qualify as 'income'" should be distributed to the Thomas H. Gentry Revocable Trust (**Revocable Trust**) as income. However, in his March 9, 2011 "Reply to [Kiana's] Response to Petition for Approval of Final Accounts and Distribution and Complete Settlement of Estate and Amendment to Petition for Approval of Final Accounts and Distribution and Complete Settlement of Estate Filed February 2, 2011," Vorsatz wrote, "upon close examination of the income/principal allocations on a year by year basis, the previously proposed adjustment of $615,983 is not supported." Vorsatz argued to the

---

[2]      HRS § 557A-401(c) provides:

§557A-401 **Character of receipts.**

. . . .

(c)      Receipts from an entity that shall be allocated to principal include:

(1)      Property other than money;

(2)      Money received in one distribution or a series of related distributions in exchange for part or all of a trust's interest in the entity;

(3)      Money received in total or partial liquidation of the entity; and

(4)      Money received from an entity that is a regulated investment company or a real estate investment trust if the money distributed is a capital gain dividend for federal income tax purposes.

circuit court that the rollover issue was moot because disbursements payable from Estate income exceeded the income receipts of the Revocable Trust and therefore net income payable to Kiana would be negligible or nonexistent. Vorsatz provided a spreadsheet to the circuit court, which represented the Revocable Trust as carrying a cumulative net income deficit of approximately $1.8 million. Kiana contends Vorsatz's spreadsheet, showing total income and principal in the amount of $780,733 for 1998 is inconsistent with the figures he provided in the Estate accounting showing $746,393 for the same category and year. However, Vorsatz stated the differences in these amounts reflected the Estate accounting used gross income and his spreadsheet used net income figures.

Vorsatz stated he used equity pickups, as opposed to the "carry value" (i.e., the date of death value), in his Estate accounting "in an attempt to reflect a more current picture of the value of the Gentry companies' equity during the administration" which had been lengthy. In regard to Kiana's "equity pickup" contention, Vorsatz stated that the equity pickups were not income to the Estate, but reflected income within the Gentry Companies, and were not "money received by a trustee" that was required to be allocated to income under HRS § 557-A-401(b). He further stated, "any such income cannot be recognized in the Estate accounting until the Gentry Companies make a distribution to the Estate." (Emphasis omitted.)

Kiana relies on a report she commissioned from John A. Hartog (**Hartog**) for the proposition that "Vorsatz's 'fiduciary duty required that he, as controlling shareholder of [Tom Gentry California] and Gentry Industrial, force those corporations to make distributions, unless distributions would have impeded corporate operations.'" Kiana cites Ninth Circuit authority to support her assertion that "in the absence of contradictory expert opinion, the [circuit] court was required to accept [Hartog's] opinion as definitive." However, the record does not

indicate the circuit court recognized Hartog as an expert witness. Furthermore, Vorsatz stated the Gentry companies "had legitimate business purposes to refrain from making distributions, such as paying down debt, and not violating strict covenants under third party loan agreements that severely limit the companies' ability to make shareholder distributions."

Therefore, since the circuit court did not abuse its discretion in approving the final accounts and distribution and complete settlement of the Estate,

IT IS HEREBY ORDERED that (1) the March 25, 2013 "Final Judgment re: Order Granting Personal Representative's Petition for Approval of Final Accounts and Distribution and Complete Settlement of Estate, as Amended and Supplemented," and (2) the March 25, 2013 "Order Granting Personal Representative's Petition for Approval of Final Accounts and Distribution and Complete Settlement of Estate, as Amended and Supplemented," both entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, May 23, 2014.

On the briefs:

Margery S. Bronster
Jae B. Park
(Bronster Hoshibata)
for Respondent-Appellant.

Carroll S. Taylor
(Taylor, Leong & Chee)
for Petitioner/Personal
Representative-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5